IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO MACHINERY CO., )
)
        Plaintiff, )
)
 v. ) No. 13 C 5836
)
DEVERE CONSTRUCTION CO., INC., )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

On August 15 DeVere Construction Company, Inc. ("DeVere") filed a Notice of Removal bringing this action from its place of origin in the Circuit Court of DuPage County to this District Court. DeVere seeks to invoke federal jurisdiction on diversity of citizenship grounds.

Although the state court Complaint filed against DeVere by Chicago Machinery Co. ("Chicago Machinery") confirms both the existence of the requisite diversity (Complaint Count I ¶¶1 and 2, incorporated by reference in Complaint Count II) and the requisite amount in controversy, DeVere has glossed over--or more accurately, totally ignored--the provision of the Rental Contract on which Chicago Machinery has sued, under which the litigants <u>agreed</u> to limit jurisdiction over their disputes in a manner that excludes this District Court from exercising such jurisdiction. On that score Complaint ¶4 alleges:

> Through the Rental Agreement, specifically at Paragraph 14, the Plaintiff and Defendant agreed to the exclusive jurisdiction and venue of The Circuit Court of the Eighteenth Judicial Circuit, DuPage County,

Illinois.

And Paragraph 4 of that Rental Contract, under which Chicago Machinery is Lessor and DeVere is Lessee, states in material part:

> Jurisdiction and venue for hearing of any matter concerning this transaction shall at the sole discretion of Lessor be in DuPage County or any contiguous county thereof.

It would strain the English language a good deal to read that "in DuPage County" language as encompassing this District Court, which is of course located in Chicago, although DuPage is one of the counties within its territorial coverage. And lest that statement be mistakenly viewed as somehow idiosyncratic, here is a highly instructive excerpt from the opinion by this Court's colleague Honorable Robert Gettleman in <u>Spenta Enters., Ltd. v. Coleman</u>, 574 F.Supp.2d 851, 855-56 (N.D. Ill. 2008), which includes citations to numerous other cases:

> In addition, plaintiffs' interpretation of the choice-of-forum provisions in the Stock Purchase Agreement and Guaranty defies common sense and a substantial body of case law, including decisions from this district. The provisions unambiguously refer to a specific county in Illinois and do not mention the federal courts or a federal judicial district. "A forum selection clause that specifies venue in a county that has no federal court cannot reasonably be interpreted to permit suit in a federal court located in a different county." <u>Sompo Japan Ins., Inc. v. Alarm Detection Systems, Inc.</u>, 2003 WL 21877615 at *2 (N.D.Ill., Aug. 6, 2003). <u>See also</u> <u>Infinite Technology, Inc. v. Rockwell Electronic Commerce Corp.</u>, 2001 WL 527357 (N.D.Ill. May 16, 2001)(contract that required litigation to be brought in "courts of DuPage County, State of Illinois" could not be interpreted to include

federal court located in Cook County, Illinois).

Further, the majority of courts to have considered the issue have rejected plaintiffs' position. See, e.g., Navickas v. Aircenter, Inc., 2003 WL 21212747 (E.D.Tenn. April 10, 2003)(clause that specified venue in Marion County, Tennessee, could not be construed to include a federal court that had jurisdiction over Marion County, but was not physically located in the county); Intermountain Sys., Inc. v. Edsall Const. Co., 575 F.Supp. 1195 (D.Colo. 1983)(clause stating that "venue shall be in Adams County, Colorado" could not be read as including federal district court when no such court was physically located in Adams County); see also Paolino v. Argyll Equities, L.L.C., 2005 WL 2147931 at *4 (W.D.Tex. Aug. 31, 2005)(collecting cases demonstrating this point). Although these decisions are not binding, the weight of authority is persuasive.

Just as this Court finds the characterization of that line of authority as "merely persuasive," so too in this Court's view is the verb "appears" in this sentence from 28 U.S.C. §1447(c):

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Instead this Court holds flat-out that this District Court indeed lacks subject matter jurisdiction and it therefore orders the case remanded. There is no need to defer the implementation of this order, and the Clerk of this District Court is ordered to mail a certified copy of the order of remand to the Clerk of the Circuit Court of DuPage County forthwith.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 19, 2013

3